UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PERCY JAMES PEARCE,

        Petitioner,

vs.

UNITED STATES PAROLE COMMISSION, et al.,

        Respondents.

No. C 06-7908 PJH (PR)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

     The petition in this case was dismissed with leave to amend because petitioner did not say when the probation proceeding he appeared to be trying to attack occurred, nor where, nor did he provide any clear explanation of the legal basis for his claims. The court also noted that a petition such as this would not be a proper means of attacking the underlying conviction, *see United States v. Lustig*, 555 F.2d 751, 753 (9th Cir. 1977), and that because it appeared that petitioner might have been released after completing the revocation period, the petition might be moot. When petitioner did not amend, the petition was dismissed.

     Petitioner has filed a notice of appeal. The petitioner in a federal habeas corpus proceeding may not appeal without first obtaining a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not requested a certificate of appealability ("COA"), but the notice of appeal will be construed as such a request. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (if no express request is made for a COA, the notice of appeal shall be deemed to constitute a request for a certificate).

     "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional

1 claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the
2 district court denies a habeas petition on procedural grounds without reaching the
3 prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at
4 least, that jurists of reason would find it debatable whether the petition states a valid claim
5 of the denial of a constitutional right and that jurists of reason would find it debatable
6 whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these
7 components is a "threshold inquiry," the federal court "may find that it can dispose of the
8 application in a fair and prompt manner if it proceeds first to resolve the issue whose
9 answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court
10 jurisprudence "allows and encourages" federal courts to first resolve the procedural issue,
11 as was done here. *See id.*

12 The dismissal in this case was because petitioner did not "state facts that point to a
13 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v.*
14 *Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to
15 be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist.*
16 *Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring). Given the
17 lack of information in the petition and petitioner's failure to amend, reasonable jurists would
18 not find the court's assessment debatable or wrong. The request for a certificate of
19 appealability implied from the notice of appeal is **DENIED**.

20 The clerk shall transmit the file, including a copy of this order, to the Court of
21 Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir.
22 1997). Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P.
23 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see*
24 R.App.P. 22(b)(2).

25 **IT IS SO ORDERED.**
26 Dated: February 15, 2008.

PHYLLIS J. HAMILTON
27 United States District Judge

28 G:\PRO-SE\PJH\HC.06\pearce7908.COA.wpd